# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF MISSOURI

**THEODORE E. WRIGHT, III AND**
**SHERRY K. O'NEAL-WRIGHT, HUSBAND**
**AND WIFE, individually and on behalf of all**
**others similarly situated,**

                          Plaintiffs,

           vs.                              Case No.:  12-cv-05120-GAF

**WELLS FARGO BANK, N.A., d/b/a**
**AMERICA'S SERVICING COMPANY – AS**
**SERVICING AGENT FOR DEUTSCHE BANK**
**NATIONAL TRUST COMPANY, AS**
**TRUSTEE FOR MORGAN STANLEY ABS**
**CAPITAL I, INC. TRUST 2007-HE2, et al.,**

**AND**

**DEUTSCHE BANK NATIONAL TRUST**
**COMPANY, INDIVIDUALLY AND AS**
**TRUSTEE FOR MORGAN STANLEY ABS**
**CAPITAL I, INC. TRUST 2007-HE2,**

**AND**

**S&W FORECLOSURE CORPORATION**

**AND**

**DECISION ONE MORTGAGE COMPANY,**
**LLC**

                                        **JURY TRIAL DEMANDED**

**AND**

**INTERVALE MORTGAGE CORPORATION**

                        Defendants,

## FIRST AMENDED COMPLAINT

**COME NOW,** the Plaintiffs, and through counsel in support of this Complaint state as follows:

### General Allegations Common to All Counts

1.    Plaintiffs are husband and wife, and residents of Jasper County, MO.

2.    Defendant, Wells Fargo Bank, N.A., is a banking corporation doing substantial business in the State of Missouri.

3.    Defendant, Deutsche Bank National Trust Company (hereinafter referred to as "Deutsche Bank") is a banking trust company doing substantial business in the State of Missouri.

4.    Defendant, S&W Foreclosure Corporation, is a Missouri Corporation.

5.    Defendant, Decision One Mortgage Company, LLC, is a corporation with a cancelled registration in the State of Missouri.

6.    Defendant, Intervale Mortgage Corporation, is a Rhode Island corporation doing business in the State of Missouri.

7.    This Court has jurisdiction over the subject matter of this action, as it involves the disposition of and title to real estate located in Jasper County, MO.

8.    This Court has personal jurisdiction over the Defendants, as each Defendant is either a resident of the State of Missouri; or does substantial business and solicitation in the State of Missouri.

9.    On or around September 21, 2006, Plaintiff Ted Wright executed a Promissory Note (hereinafter referred to as the "Note") in favor of Intervale Mortgage Corporation for

the re-financing of the real estate generally located at 2550 E. 11th, Joplin, MO 64801 (hereinafter referred to as the "Subject Property").

10. On or around September 21, 2006, the Plaintiffs signed a Deed of Trust (Recorded at Book 2011 and Page 1562 with the Jasper County, MO Recorder of Deeds) purporting to secure the Subject Property for payment of the Note.

11. At some point in time, believed to be prior to July 20, 2011, the Note in question was purportedly assigned to "Decision One Mortgage Company, LLC" by assignment executed not by Intervale Mortgage Corporation, but by "Decision One Mortgage Company, LLC" to itself "for Intervale Mortgage Corporation."

12. At some point in time, believed to be prior to July 20, 2011, the Note in question was purportedly assigned and passed to unknown parties by Decision One Mortgage Company, LLC.

13. Sometime after September 21, 2006, the Note in question was purportedly transferred; and allegedly fell into the hands of Defendants Deutsche Bank and Wells Fargo at some point, with Wells Fargo as the servicing agent.

14. On or around July 20, 2011, the Mortgage Electronic Registration Systems, Inc. (MERS) purported to assign the Deed of Trust on behalf of the Intervale Mortgage Corporation to the Deutsch Bank via a "Corporate Assignment of Deed of Trust" (as filed on July 26, 2011 with the Jasper County, MO Recorder of Deeds at Book 2208, Page 0212).

15. On or around February 23, 2012, the Deutsch Bank purported to appoint Defendant S&W Foreclosure Corporation as the Successor Trustee to the Deed of Trust at issue

in this case (via appointment as filed on March 6, 2012 with the Jasper County, MO Recorder of Deeds at Book 2233, Page 0847).

16. On or around September 4, 2012, Defendant S&W Foreclosure Corporation purported to foreclose on the Subject Property while purporting to act as Successor Trustee.

17. On September 4, 2012, the S&W Foreclosure Corporation sent an employee of "The Title Place" (located in Carthage, MO) to the Jasper County courthouse to call the purported foreclosure sale on the Subject Property.

18. The person who called the purported foreclosure sale on the Subject Property on September 4, 2012 in Jasper County, MO was not an employee or officer of the S&W Foreclosure Corporation.

19. Subsequent to September 4 2012, the Deutsch Bank and S&W Foreclosure Corporation caused a Trustee's Deed to be filed in Jasper County, MO, purporting to place title to the real estate in question into the Deutsch Bank.

<u>Count I –</u>

<u>Declaratory Judgment – Legal Effect of Foreclosure Sale – September 4, 2012</u>

**COME NOW,** Plaintiffs, and for their action for declaratory judgment against Defendants, state as follows:

20. Plaintiffs hereby restate all foregoing allegations contained in this Complaint and incorporate them into this Count by reference.

21. There is a genuine dispute between the Plaintiffs and Defendants regarding the legal effect of the purported foreclosure sale of the Subject Property in Jasper County, MO on September 4, 2012.

22.    Plaintiffs in good faith believe that S&W Foreclosure Corporation (named of record as Successor Trustee by Defendant Deutsch Bank) did not itself call the sale of the Subject Property in Jasper County on September 4, 2012.

23.    Plaintiffs in good faith believe that S&W Foreclosure Corporation instead hired a person from "The Title Place" (located in Carthage, MO) to call the sale identified above; and that such person was not an employee or officer of S&W Foreclosure Corporation.

24.    The Deed of Trust at issue in this case, along with the established Missouri law on the subject, forbids anyone other than the "Trustee" of record to actively foreclose on Missouri Deeds of Trust.

25.    As a proximate cause of the Defendants' failure to have the "Trustee" of record actively foreclose on the Subject Property, the purported foreclosure sale of the Subject Property that took place on September 4, 2012, is void and of no effect.

26.    Because of the dispute as to the extent of the legal effect of the Defendants' purported foreclosure on the Subject Property in Jasper County, MO on September 4, 2012, a declaratory judgment to determine the respective parties' rights and obligations with respect to the same is warranted.

27.    The Plaintiffs have been forced to expend resources on costs and attorneys fees in pursuing this declaration.

**WHEREFORE,** Plaintiffs pray that the Court enter its Judgment declaring the legal effect of the foreclosure sale on the Subject Property that took place in Jasper County, MO on September 4, 2012; and in so determining the Plaintiffs would request that the Court enter judgment as follows:

I. Declaring that the Defendants S&W Foreclosure Corporation and Deutsch Bank wrongfully or unlawfully directed the sale to be conducted by someone other than the "Trustee" of record on the Deed of Trust; and

II. Declaring that the foreclosure sale on the Subject Property that took place in Jasper County, MO on September 4, 2012 is void and failed to convey any interest in the Subject Property; and

III. Declaring that the Defendants are ordered to take all steps necessary to convey all interest in the Subject Property back to Plaintiffs as the owners of record.

And Plaintiffs additionally pray for their costs herein, including reasonable attorney's fees, and for all other relief that the Court deems proper under the circumstances.

<u>Count II –</u>

<u>Declaratory Judgment – Right to Foreclose</u>

**COME NOW,** Plaintiffs, and for their action for declaratory judgment against Defendants, state as follows:

28.     Plaintiffs hereby restate all foregoing allegations contained in this Complaint and incorporate them into this Count by reference.

29.     There is a genuine dispute between the Plaintiffs and Defendants regarding their respective rights and obligations to one another as to the Note and Deed of Trust at issue in this case.

30.     Plaintiffs in good faith believe that the purported assignments of the Note in question from Intervale Mortgage Corporation and down the "chain" to other purported holders of the Note are void and of no effect, as Decision One Mortgage Company,

LLC had no authority to "assign" the Note to itself on behalf of Intervale Mortgage Corporation.

31.   There was no true sale of the Note as between Intervale Mortgage Corporation and Decision One Mortgage Company.

32.   Additionally, Plaintiffs in good faith believe that the assignment of the Deed of Trust by MERS to Deutsch Bank in July of 2011 is void and of no effect, as MERS could not make any transfer of the Deed of Trust because it did not have possession of or authority to transfer the Note in question.

33.   Additionally, at some time after September 21, 2006, Decision One attempted to sell and securitize the Note on the secondary mortgage market.

34.   Upon information and belief, the Deutsche Bank National Trust Company claims it became the owner of the Note through negotiation of the Note in favor of MORGAN STANLEY ABS CAPITAL I, INC. TRUST 2007-HE2.

35.   The authority of the Deutsche Bank National Trust Company to purchase notes on behalf of MORGAN STANLEY ABS CAPITAL I, INC. TRUST 2007-HE2 is governed by, among other things, a pooling and servicing agreement dated February 1, 2007 ("PSA").

36.   The parties involved in the purported securitization and transfer of the Note and mortgage failed to strictly adhere to the requirements of the PSA.

37.   The PSA requires a series of true sales of each note purchased by and transferred into MORGAN STANLEY ABS CAPITAL I, INC. TRUST 2007-HE2.

38.   The PSA requires actual delivery to the trust of the original mortgage documents and assignments of the mortgages in favor of the trust.

39.     The PSA requires that Deutsche Bank National Trust Company, as Trustee, to promptly conduct a review of all mortgage loan documents delivered to the trust, and to make an initial certification regarding the completeness of the necessary documents relating to each loan, including noting any defects.

40.     The PSA requires that Deutsche Bank National Trust Company, as Trustee, issue a certification of compliance with the PSA, with exceptions detailing any issues it has identified during the course of its review.

41.     The terms of the PSA as set forth in the foregoing allegations are central to proper securitization of the loans in the trust.

42.     The Note in this case was never purchased or owned by the MORGAN STANLEY ABS CAPITAL I, INC. TRUST 2007-HE2, as the terms of the PSA as set forth above were not adhered to.

43.     The Note never became part of the res of the trust, such that Deutsche Bank National Trust Company, as Trustee, could claim or assert an interest in the Note on behalf of MORGAN STANLEY ABS CAPITAL I, INC. TRUST 2007-HE2, as the terms of the PSA as set forth above were not adhered to.

44.     On September 4, 2012, and notwithstanding that the Note was not owned by the trust, S&W Foreclosure Corp. conducted a foreclosure sale on Plaintiffs' family home at the instruction of the Deutsche Bank National Trust Company.

45.     The Deutsche Bank National Trust Company did not have a legal right to enforce Plaintiffs' Note at a foreclosure sale.

46.     The S&W Foreclosure Corp. knew or should have known that Deutsche Bank did not have a legal right to enforce Plaintiffs' Note at foreclosure sale.

47. The S&W Foreclosure Corp. took no steps and made no inquiry before the foreclosure sale to determine if the Note was properly securitized by the trust.

48. The S&W Foreclosure Corp. took no steps and made no inquiry before the foreclosure sale to determine if the Deutsche Bank had a legal right to enforce the Note or to foreclose on the Subject Property.

49. The S&W Foreclosure Corp. abdicated its legal judgment and uncritically implemented the instructions of its client without regard to the requirements of the law or the impact on Plaintiffs.

50. Alternatively, if the assignment of the Note from MERS to Deutsch Bank is a valid transfer, the Deed of Trust has now been separated from the Note, and is now without force and effect, and the Defendant Deutsch Bank lacked authority to foreclose.

51. The Plaintiffs in good faith believe that they owe no further obligations to Defendant Deutsch Bank or Wells Fargo as the servicing agent for Deutsch Bank in light of the facts and circumstances of this case.

52. The Plaintiffs in good faith believe that Deutsch Bank and S&W Foreclosure Corporation (as the purported Successor Trustee on the Note) have no right or authority to foreclose on the Deed of Trust at issue in this case in light of the facts and circumstances of this case.

53. The Plaintiffs have attempted in good faith to resolve the dispute over the parties' respective rights and obligations to each other (or lack thereof) regarding the Note and Deed of Trust with the Defendants, but have not been able to resolve the dispute.

54. Because of the dispute as to the extent of the parties' respective rights and obligations to one another in regards to the Note and Deed of Trust, a declaratory judgment to

determine the respective parties' rights and obligations with respect to the same is warranted.

55.   The Plaintiffs have been forced to expend resources on costs and attorneys fees in pursuing this declaration.

**WHEREFORE,** Plaintiffs pray that the Court enter its Judgment declaring the rights and obligations of the parties to the Note and Deed of Trust; and in so determining the Plaintiffs would request that the Court enter judgment as follows:

   I.   Declaring that there was no true sale of the Note (or that the Note was never lawfully assigned and transferred) from Intervale Mortgage Corporation; and

  II.   Declaring that the Deutsche Bank National Trust Company never owned the Note and lacked the right to enforce the Note through foreclosure; and

 III.   Declaring the foreclosure sale of Plaintiffs' property is void; and

 IV.   Declaring that Deutsch Bank and S&W Foreclosure Corporation have no legal right or authority in the future to foreclose on the Deed of Trust; and

  V.   Declaring that the Defendants are ordered to take all steps necessary to release any lien on the Subject Property in question that is related to the installment loan.

And Plaintiffs additionally pray for their costs herein, including reasonable attorney's fees, and for all other relief that the Court deems proper under the circumstances.

<u>Count III –</u>

<u>Wrongful Foreclosure – Setting Aside of Foreclosure Sale and Trustee's Deed; and In the Alternative, Damages for Intentional Tort – Deutsch Bank and S&W Foreclosure Corporation</u>

56.     Plaintiffs hereby restate all foregoing allegations contained in this Complaint and incorporate them into this Count by reference.

57.     On September 4, 2012, the Defendants Deutsch Bank and S&W Foreclosure Corporation participated in a foreclosure sale of the Subject Property in Jasper County, MO.

58.     On September 4, 2012, Defendant Deutsch Bank purchased the Subject Property.

59.     Plaintiffs allege that the Note in question was purportedly passed and transferred from "creditor-to-creditor" from the time it was originally signed to the time that the Defendant, Deutsch Bank, as Trustee for MORGAN STANLEY ABS CAPITAL I, INC. TRUST 2007-HE2, allegedly obtained its status as "holder" of the note.

60.     By reason of all of the foregoing allegations in this Complaint, Plaintiffs further allege that one or more of the entities who previously had possession of the Note in question improperly transferred the Note to the next holder.

61.     By reason of all of the foregoing allegations in this Complaint, Plaintiffs further allege that the Defendant, Deutsch Bank, as Trustee, was not a "holder in due course" of the note in question at the time of foreclosure.

62.     By reason of all of the foregoing allegations in this Complaint, Plaintiffs allege that Deutsch Bank, as Trustee, was not the "holder in due course" of the Note in question at any relevant time to this Complaint; and that therefore the foreclosure of Plaintiffs' real estate was wrongful and unlawful.

63.     At the time of the foreclosure sale, Defendants lacked the authority to foreclose and to enforce the Note.

64.     Based upon all of the foregoing allegations, the foreclosure sale on September 4, 2012 is void.

65.     Plaintiffs have been damaged by Defendants' wrongful foreclosure on their real estate, in that Plaintiffs have suffered the loss of the value of their property, out of pocket expenses, personal humiliation, emotional distress, embarrassment, and attorney fees.

66.     Equitable grounds exist for setting aside and cancelling the Trustee's Deed resulting from the foreclosure sale because S&W Foreclosure Corporation was not legally competent to convey the same in that: The authority for a non-judicial foreclosure on the Deed of Trust was void in that the Defendant, Deutsch Bank, as Trustee, was not a "holder in due course" of the note in question at any relevant time to this action.

67.     The Plaintiffs have no adequate remedy at law, as the Subject Property is a unique parcel of real property, and the Plaintiffs cannot realize their interest in the property absent the Court's rescission or cancellation of the Trustee's Deed filed in Jasper County, MO subsequent to Defendants' foreclosure.

68.     Absent a judgment from this Court rescinding or cancelling the Trustee's Deed resulting from the foreclosure sale, the Plaintiffs will be damaged in that the Plaintiffs will not realize their interest in the real estate and will have been stripped of their title unlawfully and without just cause.

69.     As a direct and proximate result of Defendants' wrongful conduct, Defendants are liable to Plaintiffs for actual damages, attorneys' fees, and all other relief the Court may award.

**WHEREFORE,** Plaintiffs pray the Court enter judgment in their favor and against Defendants Deutsch Bank and S&W Foreclosure Corporation; and Plaintiffs further pray the Court to set aside the foreclosure sale and Trustee's Deed executed and filed by Defendant S&W Foreclosure Corporation at the instruction or for the benefit of Deutsche, and for such other relief as this Court deems just and proper, including Plaintiffs' actual damages, costs and attorneys' fees.

Counts IV and V – Class Action

General Allegations Common to Counts IV and V

70.     Plaintiffs incorporate all foregoing allegations into Counts IV and V by reference as if fully stated herein.

71.     Plaintiffs in good faith believe that S&W Foreclosure Corporation (named of record as Successor Trustee by Defendant Deutsch Bank) did not itself call the sale of the Subject Property in Jasper County on September 4, 2012.

72.     Plaintiffs in good faith believe that Deutsch Bank and S&W Foreclosure Corporation instead hired a person from "The Title Place" (located in Carthage, MO) to call the sale identified above; and that such person was not an employee or officer of S&W Foreclosure Corporation.

73.     The Deed of Trust at issue in this case, along with the established Missouri law on the subject, forbids anyone other than the "Trustee" of record to actively foreclose on Missouri Deeds of Trust.

74.     As a proximate cause of the Defendants' failure to have the "Trustee" of record actively foreclose on the Subject Property, the purported foreclosure sale of the Subject Property that took place on September 4, 2012, is void and of no effect.

75. Following the foreclosure sale on Plaintiffs' real estate on September 4, 2012, the Defendants Deutsch Bank and S&W Corporation caused a Trustee's Deed to be filed with the Recorder of Deeds in Jasper County, MO purporting to transfer title to the real estate in question to Defendant Deutsch Bank.

76. More specifically, on or around September 17, 2012, the Defendants caused a Trustee's Deed to be filed with the Recorder of Deeds in Jasper County, MO at Book 2256 and Page 0378, et seq.; and said filing contains (among other things) the following statements:

   I.  The Trustee's Deed purports to convey the Subject Property to the Deutsche Bank; and

   II.  The document states that Defendant S&W Foreclosure Corporation sold the Subject Property and conducted the purported foreclosure sale on September 4, 2012.

77. Because the Defendants hired a third party to conduct the purported foreclosure sale on September 4, 2012, the said foreclosure sale is null and void as a matter of law; and the statements contained in the Trustee's Deed identified above are false in that the Successor Trustee did not conduct the sale nor convey anything to the Deutsche Bank by reason of a foreclosure sale on September 4, 2012.

78. The Trustee's Deed resulting from the foreclosure sale on Plaintiffs' property contained false words purporting to show title in Defendant Deutsch Bank when in fact the foreclosure sale was void on its face; and the Plaintiffs were still the legal holder of title to their real estate.

79. The false words contained in the Trustee's Deed resulting from the foreclosure sale on Plaintiffs' property were maliciously published in that the words purporting to

convey title to the Defendant Deutsch Bank were known to be false to the Defendants.

80. The Plaintiffs have been damaged by the filing of the false Trustee's Deed resulting from the foreclosure sale on Plaintiffs' property in that Plaintiffs have suffered the loss of the value of their property, out of pocket expenses, clouded title on real estate, personal humiliation, embarrassment, and attorney fees.

81. Alternatively, and in any event, the Plaintiffs have suffered compensatory damages in the form of nominal damages.

82. The actions of Defendants in causing the Trustee's Deed resulting from the foreclosure of Plaintiffs' property to be filed with the Jasper County, MO Recorder of Deeds was willful, wanton, extreme, outrageous and entitles Plaintiffs to punitive damages so as to persuade Defendants and others so similarly situated from perpetrating such outrageous conduct in the future.

83. Upon information and belief, the Defendants Deutsch Bank and S&W Foreclosure Corporation have a business model and practice of conducting foreclosure sales with third parties (i.e., persons not the named Successor Trustee) calling such sales.

CLASS ALLEGATIONS

84. Plaintiffs bring this action on behalf of themselves and all others similarly situated pursuant to Missouri Rule of Civil Procedure 52.08.

85. With regards to the Defendant Deutsch Bank, the class includes those persons who:

I. Had mortgage loans secured by Deeds of Trust wherein Defendant Deutsch Bank alleged to be the holder in due course of the underlying note; and

II.  Wherein the Defendant S&W Foreclosure Corporation was purportedly named as the Trustee or Successor Trustee to the Deed of Trust; and

III.  Wherein the Deed of Trust was foreclosed on by the Defendants under circumstances where a third party was hired to actually conduct the foreclosure sale; and

IV.  Wherein a Trustee's Deed was subsequently filed purporting to show the Deutsch Bank as the owner of record of the foreclosed property.

86.  With regards to the Defendant S&W Foreclosure Corporation, the class includes those persons who:

I.  Had mortgage loans secured by Deeds of Trust wherein any lender alleged to be the holder in due course of the underlying note; and

II.  Wherein the Defendant S&W Foreclosure Corporation was purportedly named as the Trustee or Successor Trustee to the Deed of Trust; and

III.  Wherein the Deed of Trust was foreclosed on by the lender under circumstances where a third party was hired to actually conduct the foreclosure sale; and

IV.  Wherein a Trustee's Deed was subsequently filed purporting to show the foreclosing lender as the owner of record of the foreclosed property.

87.  As this case presents an intentional tort cause of action not created by statute, the Plaintiffs allege that the class can include all persons described above with causes of action against the Defendants going back five (5) years from the date of Plaintiffs' Complaint.

88.  The requirements for maintaining this action as a class action are satisfied, as set forth immediately below:

89.     The proposed class is so numerous and so geographically dispersed that the individual joinder of all absent class members is impracticable. While the exact number of absent class members is unknown to Plaintiffs at this time, it is upon information and belief, alleged that the proposed class may include multiple hundreds of members. The requirement of numerosity is therefore satisfied.

90.     The particular members of the class are capable of being described without difficult managerial or administrative problems from the outset of this litigation. The members of the class are readily identifiable from the information and records in the possession or control of Defendant.

91.     Common questions of law or fact exist as to all proposed class members and predominate over any questions which affect only individual members of the proposed class.

92.     In fact, the wrongs suffered and remedies sought by Plaintiff and the other members of the class are premised upon a common and illegal course of conduct perpetrated by Defendants.

93.     The only material difference between the claims of the individual class members is the exact monetary amount to which each class member is entitled.

94.     The common questions of law or fact include, but are not limited to the following:

    I.  The nature of the loan agreements between Defendants and individual class members;

    II. Whether the Defendants hired third parties to conduct their foreclosure sales under Deeds of Trust wherein S&W Foreclosure Corporation was named as the Successor Trustee;

III. The nature and extent to which Plaintiffs' and the class members' property was unlawfully sold because of Defendant's failure to comply with Missouri law and Deed of Trust terms;

IV. The nature and extent to which the Defendants knowingly (i.e. maliciously) published false information in Trustees Deeds following foreclosure sales;

V. Whether injunctive and declaratory relief is warranted;

VI. The nature of injunctive and declaratory relief that is warranted;

VII. Whether Defendant should be barred from reporting to credit reporting agencies any deficiencies owed by Plaintiff and class members and/or be required to take corrective action with respect to Defendant's reporting to those agencies;

VIII. Whether Defendant should be required to take corrective action to remedy any false statements of title to real estate that have been filed in the State of Missouri;

IX. The nature and extent of Plaintiff and class members' actual and compensatory damages;

X. The nature and extent of all remedies for which Defendant is liable to Plaintiffs and class members;

XI. Whether punitive damages are appropriate; and

XII. Whether reasonable costs and attorney fees are appropriate.

95. The claims of the Plaintiffs are typical of the claims of the class.

96. Plaintiffs will fairly and adequately represent the interests of the members of the class. Plaintiffs have no interest adverse to the interests of the members of the class. Plaintiffs have retained competent attorneys who have experience in class action litigation.

97.     A class action is a superior method for the fair and efficient adjudication of this controversy.  The adjudication of a separate action by individual members of the class would create a risk of a) inconsistent or varying adjudications with respect to individual members of the class; or b) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

98.     Questions of law or fact common to the members of the class predominate over any questions affecting only individual members.  There is no special interest in the members of the class individually controlling the prosecution of separate actions; the damages sustained by individual class members may be relatively small; and the expense and burden of individual litigation make it impossible for the class members individually to address the wrongs done to them.

99.     There will be no difficulty managing this lawsuit as a class action in this Court. Furthermore, Defendant transacts substantial business in the State of Missouri and will therefore not be prejudiced or inconvenienced by the maintenance of the action in this forum.

100.    Certification of a class under applicable Federal Rules is appropriate in that Plaintiff and class members seek monetary damages and common questions predominate over any individual questions and a class action is superior for the fair and efficient adjudication of this controversy.

101. A class action will cause an orderly and expeditious administration of class members' claims and economies of time, effort and expense will be fostered and uniformity of decisions will be ensured.

102. Moreover, the individual class members are likely to be unaware of their rights and not in a position (either through experience or financially) to commence individual litigation against Defendant.

103. Alternatively, certification of class under Federal Civil Procedure Rules is appropriate because inconsistent or varying adjudications with respect to individual members of the class would establish incompatible standards of conduct for the Defendant or adjudications with respect to individual members of the Class as a practical matter would be dispositive of the interests of the other members not parties to the adjudications or would substantially impair or impede their ability to protect their interests.

104. Alternatively, certification of a class under Federal Civil Procedure Rules is also appropriate because Defendants have and continue to conduct void foreclosure sales and continue to knowingly file false Trustees' Deeds and should be barred and enjoined from doing the same.


Count IV – Intentional Tort – Class Action – Slander of Title

105. Plaintiffs bring the following action on behalf of themselves and on behalf of all others similarly situated against Defendants Deutsch Bank and S&W Foreclosure Corporation.

106. Plaintiffs incorporate all foregoing allegations into Counts IV and V by reference as if fully stated herein.

107. Plaintiffs in good faith believe that S&W Foreclosure Corporation (named of record as Successor Trustee by Defendant Deutsch Bank) did not itself call the sale of the Subject Property in Jasper County on September 4, 2012.

108. Plaintiffs in good faith believe that Deutsch Bank and S&W Foreclosure Corporation instead hired a person from "The Title Place" (located in Carthage, MO) to call the sale identified above; and that such person was not an employee or officer of S&W Foreclosure Corporation.

109. The Deed of Trust at issue in this case, along with the established Missouri law on the subject, forbids anyone other than the "Trustee" of record to actively foreclose on Missouri Deeds of Trust.

110. As a proximate cause of the Defendants' failure to have the "Trustee" of record actively foreclose on the Subject Property, the purported foreclosure sale of the Subject Property that took place on September 4, 2012, is void and of no effect.

111. Following the foreclosure sale on Plaintiffs' real estate on September 4, 2012, the Defendants Deutsch Bank and S&W Corporation caused a Trustee's Deed to be filed with the Recorder of Deeds in Jasper County, MO purporting to transfer title to the real estate in question to Defendant Deutsch Bank.

112. More specifically, on or around September 17, 2012, the Defendants caused a Trustee's Deed to be filed with the Recorder of Deeds in Jasper County, MO at Book 2256 and Page 0378, et seq.; and said filing contains (among other things) the following statements:

I. The Trustee's Deed purports to convey the Subject Property to the Deutsche Bank; and

II. The document states that Defendant S&W Foreclosure Corporation sold the Subject Property and conducted the purported foreclosure sale on September 4, 2012.

113. Because the Defendants hired a third party to conduct the purported foreclosure sale on September 4, 2012, the said foreclosure sale is null and void as a matter of law; and the statements contained in the Trustee's Deed identified above are false in that the Successor Trustee neither sold nor conveyed anything to the Deutsche Bank by reason of a foreclosure sale on September 4, 2012.

114. The Trustee's Deed resulting from the foreclosure sale on Plaintiffs' property contained false words purporting to show title in Defendant Deutsch Bank when in fact the foreclosure sale was void on its face; and the Plaintiffs were still the legal holder of title to their real estate.

115. The false words contained in the Trustee's Deed resulting from the foreclosure sale on Plaintiffs' property were maliciously published in that the words purporting to convey title to the Defendant Deutsch Bank were known to be false to the Defendants.

116. The Plaintiffs have been damaged by the filing of the false Trustee's Deed resulting from the foreclosure sale on Plaintiffs' property in that Plaintiffs have suffered the loss of the value of their property, clouded title to their property, out of pocket expenses, personal humiliation, embarrassment, and attorney fees.

117. Alternatively, and in any event, the Plaintiffs have suffered compensatory damages in the form of nominal damages.

118. The actions of Defendants in causing the Trustee's Deed resulting from the foreclosure of Plaintiffs' property to be filed with the Jasper County, MO Recorder of Deeds was willful, wanton, extreme, outrageous and entitles Plaintiffs to punitive damages so as to persuade Defendants and others so similarly situated from perpetrating such outrageous conduct in the future.

119. Upon information and belief, the Defendants Deutsch Bank and S&W Foreclosure Corporation have a business model and practice of conducting foreclosure sales with third parties (i.e. persons not the named Successor Trustee) calling such sales.

120. Upon information and belief, the Defendants Deutsch Bank and S&W Foreclosure Corporation have inflicted the damages complained of by the Plaintiffs upon (at least) hundreds of similarly situated persons in the State of Missouri.


<u>PRAYER FOR RELIEF</u>

Plaintiffs and Class request that the Court enter judgment in their favor and against Defendants as follows:

a. Ordering that this action be maintained as a class action pursuant to Federal Rules of Civil Procedure and that the following class be certified as to Defendant Deutsch Bank for all persons who:

    I. Had mortgage loans secured by Deeds of Trust wherein Defendant Deutsch Bank alleged to be the holder in due course of the underlying note; and

    II. Wherein the Defendant S&W Foreclosure Corporation was purportedly named as the Trustee or Successor Trustee to the Deed of Trust; and

III. Wherein the Deed of Trust was foreclosed on by the Defendants under circumstances where a third party was hired to actually conduct the foreclosure sale; and

IV. Wherein a Trustee's Deed was subsequently filed purporting to show the Deutsch Bank as the owner of record of the foreclosed property.

V. **Excluded from the proposed class are Defendant and its officers, directors, and employees, as well as employees of any of Defendant's subsidiaries, affiliates, successors or assignees. Also excluded are the immediate family members of the above persons. Also excluded is any trial judge who may preside over this case.**

b. Ordering that this action be maintained as a class action pursuant to Federal Rules of Civil Procedure and that the following class be certified as to Defendant S&W Foreclosure Corporation for all persons who:

I. Had mortgage loans secured by Deeds of Trust wherein any lender alleged to be the holder in due course of the underlying note; and

II. Wherein the Defendant S&W Foreclosure Corporation was purportedly named as the Trustee or Successor Trustee to the Deed of Trust; and

III. Wherein the Deed of Trust was foreclosed on by the lender under circumstances where a third party was hired to actually conduct the foreclosure sale; and

IV. Wherein a Trustee's Deed was subsequently filed purporting to show the foreclosing lender as the owner of record of the foreclosed property.

V. **Excluded from the proposed class are Defendant and its officers, directors, and employees, as well as employees of any of Defendant's subsidiaries, affiliates,**

**successors or assignees. Also excluded are the immediate family members of the above persons. Also excluded is any trial judge who may preside over this case.**

c. Allowing the certified classes to include all persons described therein with causes of action against the Defendants for a period beginning five (5) years prior to the filing of Plaintiffs' Complaint up to and including the date of Plaintiffs' Complaint.

d. Ordering that Defendants disgorge all money collected from all class members subsequent to foreclosure on collateral;

e. Certifying Plaintiffs as class representative and appointing Plaintiffs' counsel as counsel for the Class;

f. Awarding Plaintiffs and Class compensatory damages, to include any fees or amounts unlawfully collected, and further awarding any damages caused by Defendants' conduct;

g. Awarding Plaintiffs and Class their consequential and incidental damages;

h. Awarding total Plaintiffs and members of the class damages in excess of $25,000.00;

i. Awarding Plaintiffs and Class pre-judgment and post-judgment interest as provided by law;

j. Awarding Plaintiffs and Class punitive damages for Defendants' willful conduct to keep Defendants from engaging in such conduct in the future;

k. Awarding Plaintiffs and Class attorneys' fees and costs to extent allowed by law; and

l. Awarding Plaintiffs and Class such other and further relief as may be just and proper.

<u>Count V – Breach of Fiduciary Duty – Class Action</u>

121.    Plaintiffs bring the following action on behalf of themselves and on behalf of all others similarly situated against Defendant S&W Foreclosure Corporation.

122.    Plaintiffs incorporate all foregoing allegations into Counts IV and V by reference as if fully stated herein.

123.    Defendant, S&W Foreclosure Corporation owed Plaintiffs and Class fiduciary duties of good faith and fair dealing as the purported "Trustee" of certain Deeds of Trust foreclosed on in the State of Missouri.

124.    Plaintiffs in good faith believe that S&W Foreclosure Corporation (named of record as Successor Trustee by Defendant Deutsch Bank) did not itself call the sale of the Subject Property in Jasper County on September 4, 2012.

125.    Plaintiffs in good faith believe that Deutsch Bank and S&W Foreclosure Corporation instead hired a person from "The Title Company" (located in Carthage, MO) to call the sale identified above; and that such person was not an employee or officer of S&W Foreclosure Corporation.

126.    The Deed of Trust at issue in this case, along with the established Missouri law on the subject, forbids anyone other than the "Trustee" of record to actively foreclose on Missouri Deeds of Trust.

127.    As a proximate cause of the Defendants' failure to have the "Trustee" of record actively foreclose on the Subject Property, the purported foreclosure sale of the Subject Property that took place on September 4, 2012, is void and of no effect.

128.    Following the foreclosure sale on Plaintiffs' real estate on September 4, 2012, the Defendants Deutsch Bank and S&W Corporation caused a Trustee's Deed to be filed

with the Recorder of Deeds in Jasper County, MO purporting to transfer title to the real estate in question to Defendant Deutsch Bank.

129. More specifically, on or around September 17, 2012, the Defendants caused a Trustee's Deed to be filed with the Recorder of Deeds in Jasper County, MO at Book 2256 and Page 0378, et seq.; and said filing contains (among other things) the following statements:

 I. The Trustee's Deed purports to convey the Subject Property to the Deutsche Bank; and

 II. The document states that Defendant S&W Foreclosure Corporation sold the Subject Property and conducted the purported foreclosure sale on September 4, 2012.

130. Because the Defendants hired a third party to conduct the purported foreclosure sale on September 4, 2012, the said foreclosure sale is null and void as a matter of law; and the statements contained in the Trustee's Deed identified above are false in that the Successor Trustee neither sold nor conveyed anything to the Deutsche Bank by reason of a foreclosure sale on September 4, 2012.

131. The Trustee's Deed resulting from the foreclosure sale on Plaintiffs' property contained false words purporting to show title in Defendant Deutsch Bank when in fact the foreclosure sale was void on its face; and the Plaintiffs were still the legal holder of title to their real estate.

132. The false words contained in the Trustee's Deed resulting from the foreclosure sale on Plaintiffs' property were maliciously published in that the words purporting to convey title to the Defendant Deutsch Bank were known to be false to the Defendants.

133.    The Plaintiffs have been damaged by the filing of the false Trustee's Deed resulting from the foreclosure sale on Plaintiffs' property in that Plaintiffs have suffered the loss of the value of their property, clouded title to real estate, out of pocket expenses, personal humiliation, embarrassment, and attorney fees.

134.    The conduct complained of in this Count, if taken true by a trier of fact, would constitute breach of Defendant S&W Foreclosure Corporation's fiduciary duties of good faith and fair dealing as to Plaintiff and Class.

135.    The actions of Defendants in causing the Trustee's Deed resulting from the foreclosure of Plaintiffs' property to be filed with the Jasper County, MO Recorder of Deeds was willful, wanton, extreme, outrageous and entitles Plaintiffs to punitive damages so as to persuade Defendants and others so similarly situated from perpetrating such outrageous conduct in the future.

136.    Upon information and belief, the Defendant S&W Foreclosure Corporation has a business model and practice of conducting foreclosure sales with third parties (i.e. persons not the named Successor Trustee) calling such sales

137.    Upon information and belief, the Defendant S&W Foreclosure Corporation has inflicted the damages complained of by the Plaintiffs upon (at least) hundreds of similarly situated persons in the State of Missouri.


PRAYER FOR RELIEF

Plaintiffs and Class request that the Court enter judgment in their favor and against Defendants as follows:

a. Ordering that this action be maintained as a class action pursuant to Federal Rules of Civil Procedure and that the following class be certified as to Defendant S&W Foreclosure Corporation for all persons who:

    I.   Had mortgage loans secured by Deeds of Trust wherein any lender alleged to be the holder in due course of the underlying note; and

    II.   Wherein the Defendant S&W Foreclosure Corporation was purportedly named as the Trustee or Successor Trustee to the Deed of Trust; and

    III.   Wherein the Deed of Trust was foreclosed on by the lender under circumstances where a third party was hired to actually conduct the foreclosure sale; and

    IV.   Wherein a Trustee's Deed was subsequently filed purporting to show the foreclosing lender as the owner of record of the foreclosed property.

    V.   **Excluded from the proposed class are Defendant and its officers, directors, and employees, as well as employees of any of Defendant's subsidiaries, affiliates, successors or assignees. Also excluded are the immediate family members of the above persons. Also excluded is any trial judge who may preside over this case.**

b. Allowing the certified classes to include all persons described therein with causes of action against the Defendant for a period beginning five (5) years prior to the filing of Plaintiffs' Complaint up to and including the date of Plaintiffs' Complaint.

c. Ordering that Defendant disgorge all money collected from all class members subsequent to foreclosure on collateral;

d. Certifying Plaintiffs as class representative and appointing Plaintiffs' counsel as counsel for the Class;

e.  Awarding Plaintiffs and Class compensatory damages, to include any fees or amounts unlawfully collected, and further awarding any damages caused by Defendant's conduct;

f.  Awarding Plaintiffs and Class their consequential and incidental damages;

g.  Awarding total Plaintiffs and members of the class damages in excess of $25,000.00;

h.  Awarding Plaintiffs and Class pre-judgment and post-judgment interest as provided by law;

i.  Awarding Plaintiffs and Class punitive damages for Defendant's willful conduct to keep Defendant from engaging in such conduct in the future;

j.  Awarding Plaintiffs and Class attorneys' fees and costs to extent allowed by law; and

k.  Awarding Plaintiffs and Class such other and further relief as may be just and proper.


**DOUGLAS, HAUN & HEIDEMANN, P.C.**
111 West Broadway, P.O. Box 117
Bolivar, Missouri 65613
Telephone:  (417) 326-5261
Facsimile: (417) 326-2845
dbrown@bolivarlaw.com

By___/s/ Donald M. Brown_____
        Donald M. Brown
        Missouri Bar No. 57652
        Attorney for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel hereby certifies that a copy of the foregoing document has been served upon all necessary parties through the ECF filing system contemporaneously with the filing of the same on the 26th day of June, 2013.

By___/s/ Donald M. Brown_____