IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| THEODORE E. WRIGHT, III, et al., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-5120-CV-SW-GAF |
| ) | |
| WELLS FARGO BANK, N.A., *d/b/a* ) | |
| AMERICA'S SERVICING COMPANY - ) | |
| *as servicing agent for* DEUTSCHE BANK ) | |
| NATIONAL TRUST COMPANY, *as* ) | |
| *trustee for* MORGAN STANLEY ABS ) | |
| CAPITAL I, INC. TRUST 2007-HE2, ) | |
| et al., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. 38). The parties have fully briefed the issues and the Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion is ripe and ready for ruling. After careful consideration and for the reasons set forth herein, the Court **GRANTS** Wells Fargo's motion (Doc. 38).

Plaintiffs filed suit in this case against several different defendants. In their First Amended Complaint ("FAC"), Plaintiffs seek a declaratory judgment against Wells Fargo. However, Wells Fargo argues that Plaintiffs have not made any allegations against it that creates any controversy between the parties.[1] Rather, Wells Fargo argues Plaintiffs' controversy is with its principal, Deutsche Bank, and Plaintiffs' claims against Wells Fargo should be dismissed with

---

[1] The Court notes that Plaintiffs reference Wells Fargo in three paragraphs in its entire FAC. First, in paragraph two, Plaintiffs allege Wells Fargo is a banking corporation doing substantial business in the State of Missouri. Second, in paragraph thirteen, Plaintiffs allege that the Note in question fell into Deutsche Bank's and Wells Fargo's hands, with Wells Fargo acting as the servicing agent. Third, in paragraph fifty one, Plaintiffs allege that they owe no further obligations to Wells Fargo as Deutsche Bank's servicing agent, in light of the circumstances of this case.

prejudice because no controversy exists between the parties.  Furthermore, Wells Fargo argues it is unclear from the FAC what relief Plaintiffs seek with respect to Wells Fargo.  In response, Plaintiffs argue that that Wells Fargo was included as a named defendant in this suit because Plaintiffs believe Wells Fargo is a necessary party to the suit because of its role as servicing agent of the defendant trust.  Moreover, Plaintiffs request that its claims against Wells Fargo be dismissed without prejudice if the Court determines that Wells Fargo is not a necessary party to adjudicate the allegations set forth in Plaintiffs' FAC.

The powers of federal courts are limited to hearing actual cases or controversies between parties.  *See* U.S. Const. Art. III § 2.  The actual controversy requirement encompasses concepts such as ripeness, standing, and the prohibition against advisory judicial rulings.  Furthermore, under Missouri law, "[a] court may grant a declaratory judgment if presented with: (1) a justiciable controversy that presents a real, substantial, presently existing controversy admitting of specific relief, as distinguished from an advisory decree upon a purely hypothetical situation; (2) a plaintiff with a legally protectable interest at stake, consisting of a pecuniary or personal interest directly at issue and subject to immediate or prospective consequential relief; (3) a controversy ripe for judicial determination; and (4) an inadequate remedy at law."  *Schaefer v. Koster*, 342 S.W.3d 299, 300 (Mo. banc 2011).  Finally, pursuant to Federal Rules of Civil Procedure a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief along with a demand for the relief sought.  *See* Fed. R. Civ. P. 8(a).

A review of the pleadings in this case reveals that Plaintiffs have not submitted a justiciable claim or controversy against Wells Fargo.  Plaintiffs have not pleaded an actual case or controversy against Wells Fargo that would give the Court jurisdiction under the U.S. Constitution or under Missouri law.  Accordingly, the Court does not have power hear Plaintiffs' claims.  Furthermore, even if Plaintiffs had submitted an actual case or controversy, Plaintiffs

have not stated a claim for relief against Wells Fargo under Rule 8(a) of the Federal Rules of Civil Procedure as the Court is unable to ascertain any allegations from the pleadings that Wells Fargo entitled to relief or a demand for relief against Wells Fargo.

For the foregoing reasons, Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. 38) is **GRANTED**.  Plaintiffs' claims against Wells Fargo Bank, N.A. are hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

DATED:  August 26, 2013            */s/ Gary A. Fenner*
                                                GARY A. FENNER, JUDGE
                                                UNITED STATES DISTRICT COURT