IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| THEODORE E. WRIGHT, III and | ) | |
| SHERRY K. O'NEAL-WRIGHT | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 12-05120-CV-SW-GAF |
| | ) | |
| DEUTSCHE BANK NATIONAL | ) | |
| TRUST COMPANY | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Presently before the Court is Defendant Deutsche Bank National Trust Company's ("Defendant") Motion to Dismiss Counts II and III of Plaintiffs Theodore E. Wright, III and Sherry K. O'Neal-Wright's (collectively "Plaintiffs") Amended Complaint (Doc. # 36) pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. # 40). Plaintiffs oppose. (Doc. # 45). For the reasons stated below, Defendant's Motion to Dismiss is GRANTED.

## DISCUSSION

**I.    FACTS**

On September 21, 2006, Plaintiff Theodore E. Wright, III executed a Promissory Note (the "Note") in favor of Intervale Mortgage Corporation ("Intervale") in order to refinance real estate (the "Property"). (Amended Complaint ¶ 9). On September 21, 2006, Plaintiffs also signed a Deed of Trust securing the Property for payment of the Note. (*Id.* ¶ 10). The Deed of Trust listed Intervale as the "Lender." (Deed of Trust, 1). The Deed of Trust also contained a provision stating:

> Substitute Trustee. Lender, at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder by an instrument recorded in the county in which this Security Instrument is recorded. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by Applicable Law.

(*Id.* at 14).

Prior to July 20, 2011, "the Note in question was purportedly assigned to Decision One Mortgage Company, LLC [("Decision One")] . . . by [Decision One] to itself for [Intervale]." (Amended Complaint ¶ 11 (internal quotation marks omitted)). Thereafter, Decision One attempted to sell and securitize the Note on the secondary market. (*Id.* ¶ 33). After subsequent transfers, Defendant acquired the Note. (*Id.* ¶¶ 12-13). Defendant's authority to purchase the Note was governed by a pooling and servicing agreement (the "PSA"). (*Id.* ¶ 35). The PSA required: (1) a series of true sales of each note purchased; (2) actual delivery to the trust of the original mortgage documents and assignments of the mortgages; (3) Defendant to promptly conduct a review of all mortgage loan documents and certify the completeness of the necessary documents; and (4) Defendant to issue a certification of compliance with the PSA. (*Id.* ¶¶ 37-40).

On March 11, 2008, in a document titled "Appointment of Successor Trustee," (the "Appointment") Defendant appointed Kozeny & McCubbin LC ("Kozeny & McCubbin") as Successor Trustee. (Appointment of Successor Trustee). The Appointment stated in part:

> WHEREAS, the Deed of Trust provides that the lender shall have the power to remove the original trustee or any successor trustee and to at [sic] in writing (acknowledged and recorded) a successor trustee, who shall succeed to the title and all of the rights and powers of the Original Trustee; and
>
> WHEREAS, the undersigned is the owner and holder of the note described and secured by the Deed of Trust, and the payee of such debt;

> NOW THEREFORE, BE IT KNOWN, that the said holder, through the undersigned, its duly authorized officer, removes the Original Trustee and any other duly appointed Successor Trustee under the above-referenced Deed of Trust and hereby appoints Kozeny & McCubbin . . . as Successor Trustee under said deed of trust, with full power and authority to execute said trust as fully as if he were the named trustee therein.

(*Id.* at 2). On September 22, 2009, Kozeny & McCubbin sold the Property to Defendant at a foreclosure sale via a Successor Trustee's Deed. (Successor Trustee's Deed).

On February 3, 2010, Plaintiffs and Defendant entered into a Judgment and Consent Decree (the "Decree"). (*Deutsche Bank Nat'l Trust Co. v. Wright*, Case No. 10AP-CC00002 (Cir. Ct. Jasper Cty. Feb. 3, 2010) ("Decree")). The Decree stated, "[T]he foreclosure sale held on September 21, 2009, resulting in the sale of the subject property is hereby rescinded." (*Id.* at 1). Further, it declared, "[T]he Successor Trustee's Deed . . . conveying the subject Property to [Defendant] . . . is void and of no effect." (*Id.* at 2). In addition, the Decree stated, "[A]ll powers of the Successor Trustee under the Deed of Trust . . . remain effective and are not extinguished, including, but not limited to, the power of sale" and that "the Deed of Trust . . . remains in full force and effect as a lien on the subject property." (*Id.*).

On February 23, 2012, Defendant appointed Defendant S&W Foreclosure Corporation ("S&W") as Successor Trustee. (Amended Complaint ¶ 15). On September 4, 2012, S&W purported to foreclose on the Property, and Defendant purchased the Property at the foreclosure sale. (*Id.* ¶¶ 16, 19).

Count II of Plaintiffs' Amended Complaint requests a declaratory judgment. (*Id.* at Count II). Plaintiffs request a declaration that: (1) there was no true sale of the Note or lawful assignment from Intervale; (2) Defendant never owned the Note and lacked the right to foreclose; (3) the foreclosure sale of the Property is void; and (4) Defendant and S&W have no

legal right or authority to foreclose on the Deed of Trust in the future. (*Id.* at 10). Plaintiffs claim Defendant did not have the authority to foreclose because: (1) Decision One had no authority to assign the Note to itself on behalf of Intervale and no true sale occurred between Intervale and Decision One; (2) Defendant failed to "strictly adhere to the requirements of the PSA;" and (3) the Deed of Trust became separated from the Note and is now without force and effect. (*See id.* ¶¶ 31-44, 46, 51, 53).

Count III alleges a wrongful foreclosure claim against Defendant. (*Id*. at Count III). Plaintiffs claim Defendant "was not the 'holder in due course' of the Note in question at any relevant time . . . and that therefore the foreclosure of Plaintiffs' real estate was wrongful and unlawful" because "Defendants lacked the authority to foreclose and enforce the Note."[1] (*Id.* ¶¶ 62-63).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint that fails to state a claim upon which relief may be granted. When considering a Rule 12(b)(6) motion to dismiss, a court treats all well-pleaded facts as true and grants the non-moving party all reasonable inferences from the facts. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990) (citation omitted). However, courts are "not bound to accept as true a legal conclusion couched as a factual allegation" and such "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted). A Rule 12(b)(6) motion should be granted only if the non-moving party fails to

---

[1] Plaintiffs concede that Defendant's "status as 'holder in due course' vs. 'holder' is irrelevant for purposes of whether or not Plaintiffs have stated a claim for which relief can be granted." (Doc # 46, p. 8). However, Plaintiffs argue they "have alleged facts that, if taken as true, would negate Defendant's status as a 'holder' and a 'holder in due course.'" (*Id.*).

4

plead facts sufficient "to state a claim to relief that is plausible on its face" and would entitle the party to the relief requested. *Twombly*, 550 U.S. at 570; *Wisdom v. First Midwest Bank of Poplar Bluff*, 167 F.3d 402, 406 (8th Cir. 1999).

## III. ANALYSIS[2]

The only question before this Court is whether Plaintiff sufficiently pleaded facts showing Defendant lacked the authority to foreclose.[3] If Plaintiffs sufficiently pleaded facts that Defendant lacked authority to foreclose, Plaintiffs will have stated a claim for declaratory judgment and wrongful disclosure. Plaintiffs claim there are two (2) reasons Defendant lacked authority to foreclose. First, Plaintiffs claim Defendant was not the holder of the Note. (Amended Complaint ¶¶ 62-63). Second, Plaintiffs claim Defendant "failed to strictly adhere to the requirements of the PSA" which governed "[t]he authority of [Defendant] to purchase notes." (*Id.* ¶¶ 36-37).

Defendants argue that Count II of Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted because: (1) Plaintiffs are collaterally estopped from arguing that Defendant was not the holder of the Note and (2) Plaintiffs have no standing to argue that

---

[2] Because this case involves a mortgage on Missouri real estate, the court will look to Missouri law. *In re Ctr. of Mo. Ltd.*, 116 B.R. 138, 140 (Bankr. E.D. Mo. 1990) ("Real property is subject to the laws of the government where the property is located. This rule applies to issues involving mortgages and other encumbrances against real estate." (internal citations omitted)).

[3] In their Amended Complaint, Plaintiffs state, "[T]he Deed of Trust has now been separated from the Note, and is now without force and effect, and [Defendant] lacked authority to foreclose." (Amended Complaint ¶ 51). However, this allegation is without merit, because "under Missouri law, the holder of a note that is in default is generally entitled to foreclose under the deed of trust, regardless of whether the deed of trust has actually been assigned to such holder." *In re Tucker*, 441 B.R. 638, 644 (Bankr. W.D. Mo. 2010). Additionally, "Plaintiffs concede that the law in the State of Missouri does not allow the enforceability of a Deed of Trust to be questioned on the grounds that it has been 'severed' from the Note." (Doc. # 46, p. 3). Therefore, Plaintiffs fail to state a claim for declaratory judgment that Plaintiffs lacked authority to foreclose due to the Deed of Trust being separated from the Note.

5

Defendant was not the holder of the Note due to either non-compliance with the PSA or an invalid assignment from Intervale.  (Doc # 41, pp. 9-12, 15-16; Doc. # 52, pp. 2-7).  Defendant further argues non-compliance with a PSA has no bearing on its right to enforce the Note.  (Doc # 41, pp. 12-15; Doc # 52, pp. 4-7).  Defendant also argues that Count III fails to state a claim upon which relief can be granted for wrongful foreclosure because Plaintiffs have not pleaded they were not in default at the time of foreclosure.  (Doc. # 41, p 18; Doc. # 52, pp. 7-8).

**A.**     **Collateral Estoppel**

The essence of Plaintiffs' declaratory judgment claim is that Defendant lacked authority to foreclose because Defendant was not the holder of the Note.  However, Plaintiffs fail to state a claim because they are collaterally estopped from raising this issue.  Under Missouri law, "[c]ollateral estoppel, or issue preclusion is used to preclude the relitigation of an issue that already has been decided in a different cause of action." *Brown v. Carnahan*, 370 S.W.3d 637, 658 (Mo. 2012) (citation omitted).  Collateral estoppel requires "that the issue was fully and fairly litigated, that the issue was essential to the earlier judgment, and that the earlier judgment be final and binding on the party against who it is asserted."  *Id.* at 658-59 (quoting *Sexton v. Jenkins & Assocs., Inc.*, 152 S.W.3d 270, 273 (Mo. 2004)) (internal quotation marks omitted).  Regarding consent decrees, "[a] consent judgment . . . should be accorded the same force as other judgments." *Household Fin. Corp. v. Jenkins*, 213 S.W.3d 194, 196 (Mo. Ct. App. 2007) (citations omitted).  That is, "[c]onsent judgments are conclusive of matters adjudicated and are not subject to collateral attack except upon jurisdictional grounds." *Id.* (citation omitted).

Collateral estoppel is an affirmative defense. *Sartin v. Comm'r of Pub. Safety of Minn.*, 535 F.2d 430, 433 (8th Cir. 1976) (citing Fed. R. Civ. P. 8(c); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 607 n.19 (1975)).  According to the Eighth Circuit, "[i]f an affirmative defense . . . is

6

apparent on the face of the complaint . . . that [defense] can provide the basis for dismissal under Rule 12(b)(6)." *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 764 (8th Cir. 2012) (quoting *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 983 (8th Cir. 2008)) (alterations in original) (internal quotation marks omitted). The face of the complaint includes public records, material embraced by the complaint, and material attached to the complaint. *Id.* (quoting *Alorica*, 543 F.3d at 983; *Quinn v. Ocwen Fed. Bank FSB*, 470 F.3d 1240, 1244 (8th Cir. 2006)). Furthermore, "[i]n Missouri . . . court records are public records." *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (citing Mo. Rev. Stat. §§ 109.180, 476.010; *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 597-98 (1978); *Pulitzer Publ'g Co. v. Transit Cas. Co.*, 43 S.W.3d 293, 300-01 (Mo. 2001)). Thus, since the Decree is a public record, it is part of the face of Plaintiff's complaint and can provide the basis for dismissal under Rule 12(b)(6).

In this case, collateral estoppel precludes Plaintiffs from relitigating whether Defendant was the holder of the Note. On February 3, 2010, Plaintiffs and Defendant voluntarily entered into the Decree. (Decree, 3). In Missouri, the Decree is not subject to collateral attacks except upon jurisdictional grounds, which has not been claimed. *See Household Fin. Corp.*, 213 S.W.3d at 196. Moreover, the determination Defendant was the holder of the Note was essential to the Decree since in Missouri only a holder of a note has the power to appoint a successor trustee. *See Bremen Bank & Trust Co. of St. Louis v. Muskopf*, 817 S.W.2d 602, 606 (Mo. App. 1991) (finding that only the holder of a note has the authorization to appoint a successor trustee or to direct a foreclosure sale). The Decree stated, "[A]ll powers of the Successor Trustee under the Deed of Trust . . . remain effective and are not extinguished." (Decree, 2). Defendant appointed the Successor Trustee, Kozeny & McCubbin, and removed the Original Trustee. (Appointment of Successor Trustee). Therefore, when Plaintiffs consented to the Decree, they also consented

7

that Defendant was the holder of the Note. Accordingly, Plaintiffs are collaterally estopped from now arguing that Defendant was not the holder of the Note. Thus, Plaintiffs' declaratory judgment claim fails to plead Defendant lacked authority to foreclose.

### B. Plaintiffs' Standing to Challenge Defendant's Compliance with the PSA

Plaintiffs also assert Defendant was not the holder of the Note because Defendant did not comply with the requirements of the PSA. According to Plaintiffs, if Defendant was not the holder of the Note, Defendant had no authority to foreclose. However, Plaintiffs fail to state a claim upon which relief can be granted because Plaintiffs lack standing to raise this issue. In general, a debtor "lacks standing to challenge the assignment of the notes . . . based on challenging . . . compliance with the PSA." *Schwend v. U.S. Bank, N.A.*, No. 4:10-CV-1590-CDP, 2013 WL 686592, at *3 (E.D. Mo. Feb. 26, 2013). The Eighth Circuit recently noted that how a "note was securitized and transferred" does not have any "legal significance that impacts [the note holder's] right to enforce the note." *Millon v. JPMorgan Chase Bank, N.A.*, 518 F. App'x 491, 496 (8th Cir. 2013). "A judicial consensus has developed holding that a borrower lacks standing to (1) challenge the validity of a mortgage securitization or (2) request a judicial determination that a loan assignment is invalid due to noncompliance with a pooling and servicing agreement." *Schwend*, 2013 WL 686592, at *3 (quoting *Metcalf v. Deutsche Bank Nat'l Trust Co.*, No. 3:11-CV-3014-D, 2012 WL 2399369, at *4 (N.D. Tex. June 26, 2012)).[4]

---

[4] Plaintiffs argue that *Ball v. Bank of N.Y.*, No. 4:12-CV-00144-NKL, 2012 WL 6645695 (W.D. Mo. Dec. 20, 2012), gives them standing to challenge Defendant's status as holder of the Note. Although the *Ball* court granted standing to a debtor to challenge compliance with a PSA, *Ball* "is the minority position among district courts." *Schwend*, 2013 WL 2399369, at *4 n.3. Further, the *Ball* court stated that "the Plaintiffs have standing to challenge the Defendants' compliance with the Pooling and Service Agreements insofar as the alleged noncompliance impacted the Defendants' *possession* of the note." *Ball*, 2012 WL 6645695, at *5 (emphasis added). Plaintiffs do not allege in their Amended Complaint whether Defendant possessed the

8

Case 3:12-cv-05120-GAF Document 59 Filed 09/23/13 Page 8 of 13

In their Amended Complaint, Plaintiffs claim that "[t]he parties involved in the purported securitization and transfer of the Note and mortgage failed to strictly adhere to the requirements of the PSA." (Amended Complaint ¶ 37). Plaintiffs also claim "[t]he Note never became part of the res of the trust" because "the terms of the PSA . . . were not adhered to." (*Id.* ¶ 44). However, the majority of authority concludes Plaintiffs "lack standing to seek relief for violation of the PSA." *See Washington v. Deutsche Bank Nat'l Trust Co. (In re Washington)*, 468 B.R. 846, 852 (Bankr. W.D. Mo. 2011) (citing *Correia v. Deutsche Nat'l Trust Co. (In re Correia)*, 452 B.R. 319, 324-25 (1st Cir. 2011); *Bittinger v. Wells Fargo Bank NA*, 744 F. Supp. 2d 619, 625-26 (S.D. Tex. 2010); *In re Smoak*, 461 B.R. 510, 518-21 (Bankr. S.D. Ohio 2011); *In re Almeida*, 417 B.R. 140, 149, n.4 (Bankr. D. Mass. 2009)). This Court agrees with the majority of courts that Plaintiffs lack standing to challenge Defendant's status as holder of the Note on the basis of violations of the PSA.

Plaintiffs also claim that "[Decision One] ha[d] no authority to 'assign' the Note to itself on behalf of [Intervale]." (Amended Complaint ¶ 31). However, Plaintiffs lack standing to challenge this assignment, as well. Under Missouri law, "[t]he validity of an assignment of a debt cannot be questioned by the debtor in a suit by the assignee unless he can show prejudice." *Barker v. Danner*, 903 S.W.2d 950, 955 (Mo. Ct. App. 1995) (quoting 6A C.J.S. *Assignments* § 71 (1975)) (internal quotation marks omitted) (additional citation omitted). Further, "for over a century, state and federal courts around the country have . . . [held] that a litigant who is not a party to an assignment lacks standing to challenge that assignment . . . ." *Livonia Prop. Holdings, L.L.C. v. 12840-12976 Farmington Rd. Holdings, L.L.C.*, 717 F. Supp. 2d 724, 736-37 (E.D.

---

Note, only that "[t]he Note in this case was never purchased or owned" by Defendant. (Amended Complaint ¶ 43). Accordingly, this Court finds that *Ball* is not persuasive.

Mich. 2010) (citing *Blackford v. Westchester Fire Ins. Co.*, 101 F. 90 (8th Cir. 1990)) (additional citations omitted). Plaintiffs nowhere claim they were parties to the assignment by Decision One. Plaintiffs argue prejudice may arise if they are subjected to multiple judgments or enforcement attempts and argue double enforcement could arise if Defendants did not possess the Note. (Doc. # 45, p. 68). However, Plaintiffs did not plead that Defendants did not possess the Note, only that Defendants never purchased or owned the Note. (Amended Complaint ¶ 43). Accordingly, Plaintiffs have failed to plead facts sufficient to find prejudice and lack standing to challenge the validity of Decision One's assignment of the Note. Therefore, Plaintiffs fail to state a claim that Decision One lacked authority to assign the Note to itself and thus, Plaintiffs have not sufficiently pleaded facts to support their request for declaratory judgment.

Moreover, even if Plaintiffs had standing to challenge compliance with the PSA, the non-compliance is "irrelevant to [Defendant's] standing to enforce the Note under the Missouri Uniform Commercial Code [(the "UCC")]." *In re Washington*, 468 B.R. at 852-53. Under the UCC, a holder of an instrument is entitled to enforce that instrument. Mo. Rev. Stat. § 400.3-301. The UCC defines "holder" with respect to a negotiable instrument as "the person in possession if the instrument is payable to bearer or, in the case of an instrument payable to an identified person, if the identified person is in possession." *Id.* § 400.1-201(20).

Plaintiffs assert "[t]he Note in this case was never purchased or owned" by Defendant. (Amended Complaint ¶ 43). However, a holder of a note is determined by possession, not by purchase or ownership. *See* Mo. Rev. Stat. § 400.3-301 ("A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument."). Since Plaintiffs nowhere plead that Defendant was not in possession of the Note, Plaintiffs fail to plead facts sufficient to show Defendant was not

10

entitled to enforce the Note. Thus, even if Plaintiff had standing to allege that Defendant did not comply with the PSA, non-compliance with a PSA is insufficient to state that Defendant lacked authority to foreclose. Accordingly, Plaintiffs have not pleaded facts sufficient for a declaratory judgment that Defendant lacked authority to foreclose.

## C.     Wrongful Foreclosure

Plaintiffs have also failed to plead a cause of action for wrongful foreclosure. "A tort action for damages for wrongful foreclosure lies against a mortgagee only when the mortgagee had no right to foreclose at the time foreclosure proceedings were commenced." *Fields v. Millsap & Singer, P.C.*, 295 S.W.3d 567, 571 (Mo. Ct. App. 2009) (quoting *Dobson v. Mortg. Elec. Registration Sys., Inc./GMAC Mortg. Corp.*, 259 S.W.3d 19, 22 (Mo. Ct. App. 2008)) (internal quotation marks omitted). In particular, "'[a] plaintiff . . . must plead and prove that when the foreclosure proceeding was begun, there was no default on its part that would give rise to a right to foreclose.'" *Id.* (alteration in original) (quoting *Dobson*, 259 S.W.3d at 22).

In their Amended Complaint, Plaintiffs state they "in good faith believe[d] that they owe[d] no further obligations to [Defendant] in light of the circumstances of this case." (Amended Complaint ¶ 52). However, this allegation fails to sufficiently plead that Plaintiffs were not in default. Similar allegations were made by the plaintiff in *Barnes v. Federal Home Loan Mortgage Corp.*, No. 5:12-CV-06062-DGK, 2013 WL 1314200 (W.D. Mo. Mar. 28, 2013). In *Barnes*, the plaintiff pleaded, "Plaintiff does not owe money to [Wells Fargo] or Freddie Mac." *Id.* at *5 (alteration in original). The Court stated:

> As a threshold matter, these statements taken together are legal conclusions. Furthermore, even if the Court accepted as true that Plaintiff did not owe any money to Defendants, that would not justify the inference that Plaintiff was not in default. The question here is whether at the time of foreclosure Plaintiff was in default *on the Note*, not whether he owed money to Wells Fargo or Freddie Mac.

11

> If he was in default on the Note, then he cannot pursue a wrongful foreclosure claim for damages.

*Id.* Plaintiffs' present allegation they "in good faith believe[d] that they owe[d] no further obligations to Defendant" is legally indistinguishable from the plaintiff's allegation in *Barnes*. Plaintiffs' allegation is also conclusory and fails to plead they were not in default. Accordingly, Plaintiffs fail to meet the threshold of pleading that at the time of foreclosure they were not in default on the Note. Therefore, Plaintiffs also fail to properly plead a cause of action for wrongful foreclosure under Missouri law.

## CONCLUSION

To sufficiently plead a claim for declaratory judgment under Count II, Plaintiffs needed to plead Defendant lacked authority to foreclose because Defendant was not the holder of the Note or Defendant violated the PSA. However, Plaintiffs are collaterally estopped from arguing Defendant was not the holder of the Note. Plaintiffs conceded Defendant was the holder of the Note in the Decree and are now precluded from collaterally attacking the Decree on non-jurisdictional grounds. Further, Plaintiffs do not have standing to challenge Defendant's status as holder of the Note based on alleged non-compliance with the PSA. Thus, Plaintiffs failed to plead Defendant lacked authority to foreclose and fail to state a claim for declaratory judgment under Count II. Plaintiffs also did not plead that at the time of foreclosure, they were not in default on their Note and therefore fail to adequately plead a wrongful foreclosure cause of action under Count III. Accordingly, for these and the reasons set forth above, Defendant's Motion to Dismiss is GRANTED.

**IT IS SO ORDERED.**

                                                                   s/ Gary A. Fenner
                                                                   GARY A. FENNER, JUDGE
                                                                   UNITED STATES DISTRICT COURT

DATED: September 23, 2013